**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 12, 2026**

# In the Court of Appeals of Georgia

A25A1594. ODELL v. MAYOR & ALDERMEN OF SAVANNAH.

P<small>IPKIN</small>, Judge.

This case involves the sufficiency of a municipal ante litem notice. According to the operative complaint filed against the Mayor and Aldermen of the City of Savannah, on January 15, 2023, Tabitha Odell slipped and fell in a restroom at the Savannah Civic Center and broke her leg. On March 13, 2023, she served a timely ante litem notice on the city, which stated: "The claim for [Odell's] injuries and damages is not less than $1,000,000.00." The trial court later granted the city's motion to dismiss on the ground that Odell had failed to comply with subsection (e) of the municipal ante litem notice statute, which requires that the notice "include the specific amount of monetary damages being sought from the municipal corporation"

and states that "[t]he amount of monetary damages set forth in such claim shall constitute an offer of compromise." OCGA § 36-33-5(e). Odell filed a timely notice of appeal.

Odell contends that the statement in her ante litem notice that the "claim for [her] injuries and damages is not less than $1,000,000" substantially complied with the requirements of OCGA § 36-33-5(e) and further that "had [the city] reasonably accepted and submitted payment for the requested amount [of $1,000,000], this meeting of the minds would have constituted a binding and enforceable settlement agreement." But this Court has repeatedly held that an ante litem notice stating that the claimant seeks to recover "not less than" a specific amount of monetary damages does not comply with OCGA § 36-33-5(e). See, e.g., *Brandenburg v. City of Vidalia*, 366 Ga. App. 51, 55–57(1) (880 SE2d 625) (2022); *Davis v. City of Valdosta*, 357 Ga. App. 900, 901–02 (852 SE2d 859) (2020). And we have previously held that an ante litem notice stating that the claimant seeks to recover "'an amount not less than $1 million ... indicate[s] that the value of the claim is some unknown number above $1,000,000 [, which] is too indefinite to constitute a binding offer of settlement.'" *Payton v. College Park*, 368 Ga. App. 396, 398(1) (890 SE2d 278) (2023) (footnote

omitted), overruled on other grounds by *Wasserman v. Franklin County*, 320 Ga. 624, 649(II)(B)(2) n.14 (911 SE2d 583) (2025). Thus, the trial court properly granted the city's motion to dismiss due to Odell's failure to comply with OCGA § 36-33-5(e). Accordingly, we affirm the trial court's judgment.

*Judgment affirmed. McFadden, P. J., and Hodges, J., concur.*